# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LEANNE WHITSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:23-cv-00130-LCB |
| | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| **COMMISSIONER,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Leanne Whitson seeks judicial review pursuant to 42 U.S.C. § 405(g) of an adverse, final decision of the Commissioner of the Social Security Administration ("Commissioner"), regarding her claim for disability and disability insurance benefits. The Court carefully considered the record, and for the reasons expressed herein, **AFFIRMS** the Commissioner's decision.

## LAW AND STANDARD OF REVIEW

To qualify for benefits, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant suffers a disability, the Commissioner, through an Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant at the first four steps of this five-step process; the Commissioner sustains the burden at step five, if the evaluation proceeds that far. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).

In the first step, the claimant cannot be currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove the impairment is "severe" in that it "significantly limits [the] physical or mental ability to do basic work activities . . . ." *Id.* at § 404.1520(c).

At step three, the evaluator must conclude the claimant is disabled if the impairments meet or medically equal one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02. *Id.* at § 404.1520(d). If a claimant's impairment meets the applicable criteria at this step, that claimant's impairment would prevent any person from performing substantial gainful activity. 20 C.F.R.

§§ 404.1520(a)(4)(iii), 404.1525. That is, a claimant who satisfies steps one and two qualifies automatically for disability benefits if the claimant suffers a listed impairment. *See Williams v. Astrue,* 416 F. App'x 861, 862 (11th Cir. 2011) ("If, at the third step, [the claimant] proves that [an] impairment or combination of impairments meets or equals a listed impairment, [the claimant] is automatically found disabled regardless of age, education, or work experience." (citing 20 C.F.R. §§ 404.1520, 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997))).

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluation proceeds to the fourth step, where the claimant demonstrates an incapacity to meet the physical and mental demands of past relevant work. 20 C.F.R. § 404.1520(e). At this step, the evaluator must determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of past relevant work. *See id.* § 404.1520(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent performance of past relevant work, the evaluator will determine the claimant is not disabled. *See id.*

If the claimant succeeds at the preceding step, the fifth step shifts the burden to the Commissioner to provide evidence, considering the claimant's RFC, age, education and past work experience, that the claimant is capable of performing other work. *Id.* §§ 404.1512(b)(3), 404.1520(g). If the claimant can perform other work,

the evaluator will not find the claimant disabled. *See id.* § 404.1520(a)(4)(v); *see also* 20 C.F.R. § 404.1520(g). If the claimant cannot perform other work, the evaluator will find the claimant disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

The Court must determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Court reviews the ALJ's "'decision with deference to the factual findings and close scrutiny of the legal conclusions.'" *Parks ex rel. D.P. v. Comm'r, Social Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015) (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Indeed, "an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (citing 42 U.S.C. § 405(g)). Although the Court must "scrutinize the record as a whole . . . to determine if the decision reached is reasonable . . . and supported by substantial evidence," the Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for that of the ALJ. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . . is 'more than a mere scintilla,' . . . [and] means – and means only – 'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 139 S. Ct. at 1154 (citations omitted). Therefore, substantial evidence exists even if the evidence preponderates against the Commissioner's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

## FACTUAL AND PROCEDURAL HISTORY

Whitson filed an application for disability and disability insurance benefits on November 18, 2020, alleging a disability onset date on that same day. (Tr. 179-183). Whitson's claim was denied initially on September 8, 2021, and upon reconsideration on January 31, 2022. (Tr. 79-83, 91-100). Thereafter, Whitson filed a written request for a hearing, which was received by the Commissioner on February 3, 2022. (Tr. 102-103, 135-136). An Administrative Law Judge ("ALJ") held a telephone hearing on June 27, 2022. (Tr. 16, 35-59, 139).

The ALJ issued an opinion on July 27, 2022, denying Whitson's claims. (Tr. 16-29). Applying the five-step sequential process, the ALJ found at step one that Whitson did not engage in substantial gainful activity since November 18, 2020, the alleged onset date. (Tr. 19). At step two, the ALJ found Whitson manifested the severe impairments of degenerative disc disease of the lumbar and cervical spine with cervical radiculopathy and spondylosis; and fibromyalgia. (*Id.*). At step three, the ALJ found Whitson's impairments, or combination of impairments, did not meet

or medically equal any impairment for presumptive disability listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22).

At step four, the ALJ found Whitson exhibited the residual functional capacity ("RFC") to perform light work with the following exceptions:

> the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. Pushing and pulling is the same as for lifting and carrying. She can stand and/or walk with normal breaks for 6 hours in an 8-hour workday and sit with normal breaks for 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds. She can frequently balance on rough, uneven terrain. She can occasionally stoop, kneel, crouch, and crawl. She can frequently overhead reach with the bilateral upper extremities. She should avoid all exposure to heavy machinery and unprotected heights.

(Tr. 23).

In addition, the ALJ determined Whitson could perform past relevant work as a companion and receptionist. (Tr. 28). Accordingly, the ALJ determined Whitson has not suffered a disability, as defined by the Social Security Act, since November 18, 2020. (*Id.*).

On August 8, 2022, Whitson requested review of the ALJ's decision. (Tr. 176-78). On September 9, 2022, the Appeals Council denied review, which deems the ALJ's decision as the Commissioner's final decision. (Tr. 1-1); *see Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Secretary." (citing 20 C.F.R. § 404.955)). On February 1, 2023, Whitson

filed her complaint with the Court seeking review of the ALJ's decision.  (Doc.  1).

## ANALYSIS

In this appeal, Whitson argues substantial evidence does not support the ALJ's RFC finding, and that the ALJ improperly applied the pain standard.  (Doc.  11 at 5).  For the reasons discussed below, the Court disagrees.

As previously stated, at step four of the sequential analysis the ALJ formulates a claimant's RFC by assessing his or her "ability to meet the physical, mental, sensory, and other requirements of work."  20 C.F.R.  § 404.1545(a)(4).  The claimant's RFC represents "the most [he or she] can still do despite [their] limitations."  *Id.*  at § 404.1545(a)(1).  Assessing a claimant's RFC lies within the exclusive province of the ALJ.  *See id.*  at § 404.1527(d)(2) ("[T]he final responsibility for deciding [a claimant's RFC] is reserved to the Commissioner."); *id.*  at § 404.1546(c) ("[T]he administrative law judge . . . is responsible for assessing [a claimant's] residual functional capacity."); *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir.  2021) (citing 20 C.F.R.  § 404.1546(c)) ("The Commissioner of the Social Security Administration has, at the hearing level, delegated to an administrative law judge the responsibility of determining a claimant's residual functional capacity and whether the claimant is disabled."); *Oates v. Berryhill*, No.  17-0130-MU, 2018 WL 1579475, at *8 (S.D. Ala. Mar. 30, 2018) ("The responsibility for making the residual functional capacity

determination rests with the ALJ.").

Here, Whitson argues her self-described limitations contradict the ALJ's finding that she retained the residual functional capacity to perform a limited range of light work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

(Doc. 11 at 5); 20 C.F.R. § 404.1567(b).

Specifically, Whitson testified that she has neck and low back pain. (Tr. 49). Due to her pain, she claims she can stand and walk for about 20 minutes, and sit for about 30 minutes at a time. (Tr. 47). In addition, Whitson claims her pain caused her to miss four to five days of work a month and limit her working hours with her last employer. (Tr. 48, 50).

> A three-part "pain standard" applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. [*Wilson* v. *Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002)]. The pain standard requires evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged pain arising from that condition or a showing that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Id.*

*Porto v. Acting Comm'r of Soc. Sec. Admin.*, 851 F. App'x 142, 148 (11th Cir. 2021). A claimant's testimony coupled with evidence that meets this standard suffice "to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citation omitted); *see also Hollingsworth v. Comm'r of Soc. Sec.*, 846 F. App'x 749, 752 (11th Cir. 2021).

Social Security Ruling ("SSR") 16-3p eliminates the use of the term "credibility" as it relates to assessing the claimant's complaints of pain and clarifies that the ALJ "will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." SSR 16-3p, 2017 WL 5180304, *7 (Oct. 25, 2017). An ALJ rendering findings regarding a claimant's subjective symptoms may consider a variety of factors, including: the claimant's daily activities; symptom location, duration, frequency, and intensity; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; and other factors concerning functional limitations and restrictions due to symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), (4).

SSR 16-3p further explains that the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent review can assess how the adjudicator evaluated the individual's

symptoms." SSR 16-3p, 2017 WL 5180304, *10; *see also Wilson*, 284 F.3d at 1225 (stating that if an ALJ discredits a claimant's subjective testimony, the ALJ "must articulate explicit and adequate reasons for doing so.").

Applying the pain standard, the ALJ concluded Whitson's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but he nonetheless found Whitson's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (Tr. 24).

In response, Whitson argues that the ALJ mischaracterized or overlooked parts of her medical record that support a finding for disability. (Doc. 11 at 8). First, Whitson states the ALJ "referenced isolated treatment notes where [she] reported relief from back and neck pain after receiving injections," and "further pointed to physical examinations where [she] had a normal gait, no ataxia and normal range of motion and strength in the bilateral upper and lower extremities," but that "reliance on these isolated records and findings does not provide substantial evidence to support [a] determination that [she] can perform a range of light work." (*Id.*).

Here, the ALJ considered Whitson's clinical findings, acknowledged the percentage of her pain relief, acknowledged her return visits and their dates, and

acknowledged that she underwent injections. (Tr. 24-28). The ALJ also discussed the dates, extent, frequency, length, type, and effectiveness of Whitson's treatment. (*Id.*). For example, the ALJ discussed how Whitson underwent an MRI of her lumber and cervical spine, which showed "multilevel degenerative changes" and worsening "neural foraminal narrowing." (Tr. 24). In addition, he mentioned how Whitson reported feeling either back pain or tenderness, and exhibited a slightly limited range of motion during physical examinations. (Tr. 25-26).

However, the ALJ discussed how other parts of "the record did not contain any findings or treatment with a rheumatologist, nor did it contain the requisite eleven of eighteen tender points as required by the American College of Rheumatology." (Tr. 25). And how it "often contained normal physical examinations," and Whitson reporting that she experienced 75 percent, 80 percent, and "great" short-term pain relief from her injections. (*Id.*). Moreover, the record suggested that Whitson was helping the elderly in her neighborhood and working with patients. (*Id.*).

The ALJ did not cherry pick the evidence but weighed it. Whitson, in essence, disagrees with how the ALJ weighed parts of the record that supported the RFC finding, then references isolated treatment records that support her argument, and asks the Court to inappropriately reweigh the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("This limited review precludes deciding the facts

anew, making credibility determinations, or re-weighing the evidence.").

Moreover, the issue before the Court is not whether the evidence might support Whitson's allegations but whether substantial evidence supports the ALJ's RFC finding. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."). Accordingly, the Court finds the evidence that Whitson cites in support of her argument does not sustain a different ruling, and that the record substantially supports the ALJ's RFC finding.

Second, Whitson points out evidence that the ALJ did not mention in her finding. (Doc. 11 at 10). Specifically, she states that that ALJ did not mention notations in records which showed that she rated her pain an 8 out of 10. Still, "[s]o long as the ALJ's decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Nothing in the ALJ's decision supports that she did not consider the whole record. (Tr. 20 ("After careful consideration of *all the evidence*, the undersigned concludes the claimant has not been under a disability within the

meaning of the Social Security Act from November 18, 2020, through the date of this decision." (emphasis added))). And again, the evidence that Whitson points out does not render a different finding because the record as a whole provides substantial evidentiary support for the ALJ's RFC finding.

Finally, Whitson argues that the ALJ "minimized the significance" of a 2016 MRI. (Doc. 11 at 10). As previously discussed, the ALJ acknowledged the MRI of Whitson's cervical spine from October 8, 2016, that showed multilevel degenerative changes most pronounced at C6-C7, bilateral neural foraminal narrowing at C6-C7 which had worsened since imaging from May 2012, and left neural foraminal narrowing at C3-C4 which had worsened since previous imaging. (Tr. 24). Whitson argues that the "presence of multilevel degenerative changes of the cervical spine could reasonably cause her alleged pain and limitations." (Doc. 11 at 11). But, in addition to the MRI, the ALJ properly considered additional evidence, such as clinical findings and Whitson's treatment history, which substantially supports the RFC finding. (Tr. 24-28). Thus, similarly to Whitson's previous arguments, the Court will not engage in reweighing the 2016 MRI. *Moore*, 405 F.3d at 1211.

## CONCLUSION

For the foregoing reasons, the court **AFFIRMS** the Commissioner's decision. The court will enter a separate final judgment.

**DONE** and **ORDERED** this March 12, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE